13-16859

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**DARIN D. GREENE,**

                Plaintiff-Appellant,

   v.

**STATE OF CALIFORNIA, et al.,**

               Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of California

No. 2:12-cv-1757 MCE CKD P
The Honorable Morrison C. England, Jr., Judge

**DEFENDANT-APPELLEE SALINAS'S
MOTION TO STRIKE PARTS OF
PLAINTIFF-APPELLANT'S EXCERPTS OF
RECORD**

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General
KEVIN A. VOTH
Deputy Attorney General
State Bar No. 257227
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-1624
 Fax: (415) 703-5843
 Email: Kevin.Voth@doj.ca.gov
*Attorneys for Defendant-Appellee Salinas*

## INTRODUCTION

Attempting to expand the factual record on appeal, Plaintiff-Appellant Darin D. Greene submits documents that were not a part of the record below. Specifically, Greene asks the Court to consider "Exhibit J" attached to his opening brief, consisting of inmate grievance documents that were never put before the district court. Under the caselaw, the factual record on appeal is limited to the evidence admitted at the district court. Accordingly, the Court should strike Greene's attachments that were not part of the trial court record.

## BACKGROUND

In this civil-rights action, Greene challenges the district court's order dismissing his complaint for failure to exhaust his administrative remedies before filing suit. On December 4, 2013, Greene submitted his opening brief, which included several exhibits. In particular Greene's "Exhibit J" included two sets of documents that were not part of the district court record below: 1) a staff response to a grievance from inmate David Williamson in grievance log number DVI-X-11-1226; and 2) a staff response to a grievance from inmate Erin Coogler in grievance log number DVI-X-11-01310. (Appellant's Opening Brief (AOB) 35-45.) Because these documents were

1

not a part of the record in the district court, the Court should strike them from consideration on appeal.

## LEGAL STANDARD

Under Federal Rule of Appellate Procedure 10(a), the record on appeal consists of documents filed in the district court. Generally, "papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

## ARGUMENT

Greene seeks to expand the appellate record with documents that are not a part of the district court record, namely two sets of grievance documents submitted by other inmates. (AOB 35-45.) Because these documents are outside the record, the Court should strike these improper record excerpts attached to Greene's opening brief.

Federal Rule of Appellate Procedure 10(a) provides that the record on appeal consists of documents filed in the district court. Papers not filed with the district court or admitted into evidence are not part of the clerk's record and cannot be part of the record on appeal. *Kirshner*, 842 F.2d at 1077. Accordingly, evidence improperly included in the record, and references to

such evidence, are subject to a motion to strike and may not be considered by this Court in adjudicating an appeal. *See Tonry v. Security Experts, Inc.*, 20 F.3d 967, 973-74 (9th Cir. 1994) (refusing to consider an arbitrator's decision or references to arbitration proceedings because such information was never filed in the district court); *Kirshner*, 842 F.2d at 1077-78 (striking and refusing to consider a declaration which was never filed with or submitted to the district court).

Here, the documents contained in Greene's "Exhibit J" attachment to his opening brief were not part of the district court record, and accordingly are subject to a motion to strike. To the extent Greene's opening brief cites these documents, the Court should strike also those portions of the opening brief. *Barcamerica Int'l USA Trust v. Tyfield Imps. Inc*, 289 F.3d 589, 593-95 (9th Cir. 2002) (striking from the record various documents not filed with the district court and portions of the offending party's opening brief relying on those documents); (*see* AOB 2-3.)

/ / /

/ / /

## CONCLUSION

For the reasons set forth above, the Court should strike the portions of Greene's opening brief and excerpts of record that contain or refer to documents that are outside the record.

Dated: February 18, 2014    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General


 /s/ KEVIN A. VOTH
KEVIN A. VOTH
Deputy Attorney General
*Attorneys for Defendant-Appellee Salinas*

SA2013311624
40875602.doc

# CERTIFICATE OF SERVICE

| Case Name: | **Darin D. Greene v. State of California, et al.** | No. | **13-16859** |
|---|---|---|---|

I hereby certify that on <u>February 18, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANT-APPELLEE SALINAS'S MOTION TO STRIKE PARTS OF PLAINTIFF-APPELLANT'S EXCERPTS OF RECORD

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>February 18, 2014</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Darin Greene (AI-4991)
California State Prison - Sacramento
P.O. Box 290066
Represa, CA 95671-0066
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>February 18, 2014</u>, at San Francisco, California.

| M. Luna | *s/ M. Luna* |
|---|---|
| Declarant | Signature |

40895273.doc